Joseph P. La Sala, Esq.
Louis A. Modugno, Esq.
Robert C. Scrivo, Esq.
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD P. BOYKIN, PHYLLIS A. BOYKIN, AZIZ S. HASAN, CAROL A. HASAN, RONALD K. WALKER and JANE C. WALKER, <br><br> Plaintiffs, <br><br> v. <br><br> CONNOLLY PROPERTIES, INC., DAVID M. CONNOLLY, HILLSIDE VALLEY, LP, HILLSIDE VALLEY MANAGEMENT, LLC, HILLSIDE INVESTMENT TRUST, and JOHN DOES 1-20, <br><br> Defendants. | Civil Action No. 09-5267(DRD) <br><br><br> **ORDER TO SHOW CAUSE** |

**THIS MATTER** having been opened to the Court by McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for Plaintiffs, Edward P. Boykin, Phyllis A. Boykin, Aziz S. Hasan, Carol A. Hasan, Ronald K. Walker and Jane C. Walker (collectively "Plaintiffs "), on notice to Defendants Connolly Properties, Inc. ("Connolly Properties"), David M. Connolly ("Connolly"), Hillside Valley, LP, Hillside Valley Management, LLC, and Hillside Investment Trust (collectively "Defendants"), on Plaintiffs' application for the issuance of an Order to Show Cause; and the Court having read and considered the Verified Complaint, the exhibits attached

thereto, the supporting memorandum of law submitted herewith, and this Order to Show Cause; and for good cause shown,

**IT IS** on this 16th day of October, 2009,

**ORDERED** that Defendants show cause before this Court, at Room ____, Martin Luther King, Jr. Federal Building and United States Courthouse, 50 Walnut Street, Newark, New Jersey 07102 on the 26th day of October, 2009 at 9:30 a.m., or as soon thereafter as counsel can be heard, why a preliminary injunctive Order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

(1) Ordering the Defendants to immediately return Plaintiffs' escrow funds, or in the alternative, imposing a lien for the benefit of Plaintiffs on all property, proceeds and/or profits derived by Defendants from the Hillside Valley Apartments as described in the Verified Complaint;

(2) Requiring Defendants to provide a full and complete Accounting of Hillside Valley, LP, Hillside Valley Investment Trust, and Hillside Valley Management, LLC, including, but not limited to an accounting for all contributions, investments, disbursements, profits, gains, advantages, and rents received or paid to Defendants;

(3) Enjoining and restraining Defendants, their agents, servants, and employees from directly or indirectly transferring, conveying, selling, encumbering, in any manner, any property or assets, which are jointly or solely owned by the Plaintiffs, Hillside Investment

Trust, Hillside Valley, LP, and/or Hillside Valley Management, LLC pending final disposition of this action or approval from Plaintiffs; and

(4) Granting any other relief that this Court deems just and equitable; and

**IT IS FURTHER ORDERED** that pending the hearing of Plaintiffs' application for a preliminary injunction, the Defendants and their officers, agents, employees, attorneys and other persons acting on their behalf, are hereby:

(1) Enjoined and restrained from transferring, conveying, selling, encumbering, in any manner, any property or assets, which are jointly or solely owned by the Plaintiffs, Hillside Investment Trust or Hillside Valley, LP; and

(2) Ordered to provide Plaintiffs with full and complete access to all of the books, records, and other documents, including financial books, records, documents and accounts maintained by Hillside Valley, LP, Hillside Investment Trust, and Hillside Management, LLC for inspection and copying within _5_ days of the date of the Order;

**IT IS FURTHER ORDERED** that security in the amount of $ _25,000_ be posted by the Plaintiff, prior to _October 19, 2009_, 2009 at a.m./p.m.; and

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court, including, but not limited to, serving a request for documents, interrogatories and the taking of depositions of witnesses with knowledge of the facts involved herein. Any such document request, interrogatories or depositions shall be on five (5) days' notice; and

**IT IS FURTHER ORDERED** that a true but uncertified copy of this Order and the Verified Complaint, together with any and all supporting papers shall be served upon the defendants or their counsel either (1) by personal service or by overnight mail or by certified mail and regular mail or (2) as otherwise permitted by the Federal Rules of Civil Procedure within __1__ days of the date hereof by counsel for Plaintiffs or their designee; and

**IT IS FURTHER ORDERED** that within __20__ days of the date upon which this Order and Verified Complaint are served upon the Defendants, the Defendants shall file an answer with this Court and shall serve copies on counsel for Plaintiffs and the Defendants are hereby notified that if they fail to so file and serve their answer in a timely manner, judgment by default may be rendered against them for the relief demanded in the Verified Complaint, and

**IT IS FURTHER ORDERED** that if the Defendants intend to file opposition papers, they shall serve copies of such answering affidavits and briefs upon Louis A. Modugno, Esq., McElroy, Deutsch, Mulvaney & Carpenter, LLP, P.O. Box 2075, 1300 Mount Kemble Avenue, Morristown, New Jersey 07962, counsel for the Plaintiffs and file the same with the Court on or before __October 23, 2009__; and that in default thereof, this matter may proceed ex parte;

**IT IS FURTHER ORDERED** that if counsel for the Plaintiffs intends to file reply papers, the same shall be served upon counsel for the Defendants and filed with the Court on or before __October 26, 2009__.

This Order is entered to maintain the status quo and is without prejudice to the merits, claims, or defenses that have been or may be asserted in this litigation.

SO ORDERED:

_____, U.S.D.J.